Next matter, number 191364, WM Capital Partners 53, LLC v. Barreras, Inc. Good afternoon, Counselor. Good afternoon. May it please the Court, appearing for the Appellant, Barreras, Inc., is Counselor Isabel M. Negron. With me is Co-Counsel Edgardo Rivera. Before I begin, we would like to request to divide our allotted time and reserve three minutes for rebuttal, please. That's fine. Thank you. As a primary issue, it is important to remind ourselves of the context of this case. It is an action of a declaratory judgment act pursuant to diversity jurisdiction. There's no federal question here. And in this case, the District Court, by the voice of Judge Delgado, was in the same position as the Court of First Instance. We'll call it CFI because we'll reference it later, from the Commonwealth of Puerto Rico. As this case evolved, this became significant in the District Court's consideration of the case, or rather, should have been significant, but ultimately, it was not. We will explain why. First things first, we have to make clear that Barreras does not owe anything to the WM Capital. And in fact, it has never owed anything to WM Capital. Barreras is only asserting its property rights by enforcing the CFI's final firm and indisputable judgment that converted WM Capital's former liens over the buildings into unsecured debts. Counsel? Yes. I'd like you to try to clarify for me what actually we are reviewing here. You asked the District Court to not rule on some pending motions, versions of a declaratory judgment that your opponent might like to enter. You said hold an abeyance until the appeals court can clarify things, in essence. You thought you might offer some helpful clarification. I do not, I don't know what we're reviewing here. I mean, there was never a declaratory judgment entered, so far as I can tell, proposed, but never entered. All we basically have is summary judgment granted. Yes. That is not a declaratory judgment. So what are we actually reviewing? Yes, but we also had a cross motion for summary judgment. And the thing is that the judge, although she did not issue the declaration before the judge, after the judgment, after the problem is that they are revisiting some matters that were already decided by the state court. We don't review findings. We're supposed to review, apparently, a judgment. And again, I do not know what that judgment is. I understand that. But if this court determines that the foundation for the summary judgment entered is erroneous, then there's no declaration needed. Because that's exactly the position of Barreras in its cross motion for summary judgment. Because there were two motions for summary judgment. You're not challenging the court's jurisdiction. Excuse me? You're not challenging the district court's jurisdiction. No. We were not challenging the district court's jurisdiction because the matter before the CFI was not a subrogation that WM Capital was requesting in this diversity action under Article 59-7. What we were saying is that the CFI's judgment canceled the liens, the mortgages that WM Capital had, and that is a requirement to invoke Article 59-7. So if you don't have a mortgage, you don't have subrogation. Go ahead, Ron. We understand that all of this stuff is going on over in the Commonwealth Court. Mm-hmm. And I assume that there's still litigation pending over there? No, actually. Is it really firm and final? Yes, it is. That is really firm and final. Actually, in the state court, what happened was that when we had a final cancellation of the liens... But isn't there, I mean, because the decision of the state court is still not final in the sense that the registry here hasn't recorded it. No, but under Puerto Rico law, once the administrative matter of the cancellation in the registry... But is that stayed? Excuse me? Is that stayed? No, it's not. It was stayed for like two months while the matter of the writ of execution was being considered under a petition for a writ of certiorari. So what's preventing you from getting the change of title with the registry? Nothing. That is exactly what happened. Because we filed in 2018, after the CFI's judgment was final and firm, a writ of execution, and the judge ordered the cancellation of the liens. It's just that the registry in Puerto Rico takes years to finalize, but under Puerto Rico law, it charges back to the date where you asked for it. So this goes back to 2018. So why wouldn't it be a better something for us to do to say that because there's been no judgment entered, which is appealable, because it seems to me that depending on what the judgment says, the arguments that you're making about the underlying facts would go to the validity of the judgment, which everyone agrees is appealable, isn't it? Well, this judgment was appealable, but not the CFI. No, not this one. No, this one is appealable, but... What is it? That's what I'm trying to... Because she entered summary judgment on behalf... What did you... Maybe make it really simple for me. Okay, but we also appealed... Sorry. What did you want the district court to do? To actually grant summary judgment for Barreras, because we understood... And that would take the form of what? On the form of revoking the judgment by the court who issued, because there were two motions for summary judgment. There was W.M. Capitas and there was Barreras. There was a cross motion. She denied our cross motion and... And in that cross motion, you sought what? The dismissal of the... Dismissal of the... Yes. And their claim was a claim for a declaratory judgment? Yes. Okay, so you had a motion to dismiss their claim for a declaratory judgment. Under summary judgment. And you lost on that. Yes. Okay. They move for what? They move for a declaration. And what did she do with respect to that? She held it in abeyance until this case was over. So what is the... She granted summary judgment. Yes. That much we know. What is the effect of that grant of summary judgment on what you say is the final judgment that you obtained in the Commonwealth Court? Well, the thing is, if she... You seem to think, you're worried... Yes. That the summary judgment that she entered has somehow affected the final judgment that you say you got in the Commonwealth Court. Well... Is that right? Actually, what happens is, is that they are trying to use this judgment, saying that they have the right to subrogate on the place of Gables, which were the tenants of Barreras. I'm sorry to interrupt you, but just rather than describing it in narrative terms, just technical legal terms. Sure. The... You got a summary judgment against you in your effort to dismiss the declaratory judgment. Yes. At the same time, the declaratory judgment was not issued. Is that right? The declaration was not issued, but the summary judgment was granted. Against you. No, it was granted... For them. Okay, so now... And the remedies they're asking... Sorry. Okay, okay. When they granted the summary judgment for them, that meant they were entitled... One way to understand what the district court did was to say, all of the predicates for issuing a declaratory judgment were met, but as a discretionary matter, the declaratory judgment was not going to be issued at that time. Is that what happened? No. What happened was that she granted the summary judgment, and she asked for... She asked WMA Capitas to submit a proposed declaration, and they submitted the proposed declaration, and we opposed it. And then what happened? And then what happened? We appealed our denial of summary judgment, but the declaration was never issued. But I'm just wondering whether that has rendered the appeal interlocutory. That is a good question, and only you can answer it. It's an important question. Usually we ask you to help us with those types of things. Well, the thing is, because if you find that she was wrong in denying our summary judgment... No, no, we don't get to that question if it's interlocutory. But it's not interlocutory because she denied with a judgment. No, but there were two things going on. There was the motions for summary judgment, and there was requests for a declaratory judgment. Both things were happening below. A piece of it has not been finally decided because the issue of whether the declaratory judgment is going to be issued is still in abeyance. So there's nothing final. No, she said she was going to issue it. It's just the text. But until it issues, there's no finality of that aspect of the case, so it's piecemeal. Now she says she's not going to act on it until we make some kind of decision. No, because... Pursuant to your request that she not do anything until we rule. So in theory, you've gotten a finite decision on your summary judgment motion, but it's still part of the other lawsuit that's still pending, and there's been no 54B certification that says yours is now final and appealable. So without that, we're looking at an interlocutory appeal, which we don't usually do unless there's some argument as to why it is a collateral matter to be allowed to proceed here. Yes, and the thing is that we asked for it to be held in abeyance. I don't really know, Your Honor. Well, because then what we normally would do is just dismiss the appeal as not final, and then if you want to get certification or something to go up piecemeal, then you can. The district court could decide to grant it or not grant it. And this was always an option, of course, because the declaration has not been issued. So we don't really know what... But see, from our perspective, we don't have options. We just have jurisdictional limitations. So there's no 54B. There is piecemeal. How can it be final? I mean, there's no argument to us as to how it can be a final judgment to appeal from, given the posture the case arises, because you have pieces of the rulings below, one of which you're appealing, the other of which is not resolved, and no certification as to why it can go up as just half of it. And in that setting, we just don't have authority to review it. There's absolutely some argument that Cohen applies, but no argument has been made to us. No, because most probably... It doesn't. No. So are you conceding that we don't have jurisdiction? Well, Your Honor, I really need to concede that you are the ones who have to make a decision. Would you have an argument as to why we would have jurisdiction? Look, before you answer, do you understand? We've tried to lay it out three different ways. No, yes, I understand. I understand. It's just that I honestly thought and I honestly believe that if she was wrong in issuing and granting the summary judgment and she was wrong in not granting it to Barreras, it was enough for the court to entertain this appeal. But do you understand that whole 54B rule? Of course. Yes, I do. I used it once. So is there anything that gets around that? I don't think our collective minds up here is... I think it was an issue of a matter that the declaration was just... If the declaration never issued... No. The declaration was never issued, but the declaration was not the judgment. The judgment was... If the declaration never issued, would you have a problem still? If the declaration is never issued? Yes. If it's never issued, is there something about just a grant of summary judgment that's impeding No. No. I understand what you're asking me now. No. If the declaration is never issued, they cannot do anything to affect Barreras. No. No. Okay. I had reserved three minutes, but I guess in consideration of the jurisdictional matters, I don't know if... No, you never concede that count. Okay. Well, I'll be back. Thank you. Good afternoon, Your Honors. Good afternoon. I think you should probably start where my colleagues left off. Do we have jurisdiction? We don't believe we have jurisdiction. The declaratory judgment has not been issued. The issues before the district court were quite simple in regards to the rights that are being claimed by Dublin Capital. This is purely an issue of Puerto Rico. I don't remember a jurisdictional argument coming out of your brief. No jurisdictional... I haven't read it for a while, so... No jurisdictional argument. We've said that the court has jurisdiction, the district court have jurisdiction. We're talking about our jurisdiction. Jurisdiction. Do we have jurisdiction? You have... Nobody's contesting the district court's jurisdiction, at least counsel, solicitor counsel isn't. Correct. Do we have jurisdiction? Whether you have the inference that I get from their argument is that because of the... Could you just answer if we have jurisdiction? You've sat there through the argument. Is there anything final that would give us jurisdiction? At this moment, there's nothing final. The order has been... A judgment was issued, and the declaratory relief that we filed is pending before the court, the district court. But awaiting, she says, our decision, right? Correct. Based on the emergency motion filed by Barreras, requesting a stay of the proceedings until... But there was no 54B certification sought of just that piece of it. Correct. And you made no objection to... You didn't identify a jurisdictional defect in the jurisdiction of this court on appeal. No, we did not, Your Honor. In fact, every brief has to affirmatively state why we do have jurisdiction. Correct. The decision... You were under the same impression as your opponent that the summary judgment itself rendered the thing final, even though the declaratory judgment was still pending. The decision of the court is a final decision but is still subject to the declaratory... Well, you acted as if you got everything that you wanted, because then you, as your opponent points out, you submitted these documents to the registrar, which you purported to understand exactly what the district court's decision made, that it sort of gave you everything that you wanted, even though the district court had not entered a declaratory judgment giving you what you wanted. No, I believe we have to go back to how the register of the property works in Puerto Rico, if I may explain it to you. Sure. Okay. But we do want you, in the process of explaining, to answer Judge Lopez's question, because... Correct. You took the lower court's decision to mean something important enough to you to interfere with the process over there in the registry, which in spite of what counsel said about it taking years to go through, something else is going on over there, I assume relative to what you filed from the federal court. And my explanation will go into what Judge Lopez has requested that I answer, and it's in regards to the principle of legality in the register of property in Puerto Rico. It's a little different than what you have in most of the mainland of the U.S. Our register system is not just a filing system. Our register system is a quasi-judicial process where an attorney who is a registrar of the property has to review documents based on the validity and the legality of those documents. That registrar of the property has to look in passing judgment on those documents that are presented It's not an immediate inscription of those documents in the records. They have to look at the documents to see if they meet the requirements of law. I think we understand that. Correct. But you file something over there which purports to be and is a legal document that they're looking at. We filed a petition to the register regarding certain facts that happened. Certain facts. The facts in that document just stated that there was an opinion and order and the registrar was submitted to the registrar so that the registrar had knowledge that an opinion and order had been issued. Let me ask this. Yes. If what you filed with the registrar is accepted, does that render moot your request for the declaratory judgment? Well, there are two things that have to happen before she gets to my document. The first one is she has to rule on the document that was filed by Barreras in the registry. The registrar has two options. One is either to record it or to notify with defects. The registrar has notified my document with defects. So, therefore, I have a period of time in order to correct the issues. Otherwise, it gains no access into the registry. Why? Because she has to look. I'm sorry, I'm saying she. The registrar has to look at the validity of the documents that are presented before. You got a ruling from the district court. And both us, Dublin Capital, and Barreras got a ruling. Two rulings. Two rulings. Two summary judgment rulings, right? Well, they're not summaries. They're just interpretations of the register of the property in the quasi-judicial process. In response to what? In response to the filings made. And those were motions for what? They're not motions. They're just documents that are presented. No, no, no. The district court. Oh, I'm sorry. I didn't understand your question. Sorry. The district court made a summary judgment ruling in your favor. Correct, Your Honor. Did it make any other ruling in anybody's favor? Just, Your Honor, it denied their cross-motion of summary judgment. Denied their motion for summary judgment. Granted your motion for summary judgment. My client's motion for summary judgment. Okay. Correct. Have you taken either of those rulings and relied on them to get the registrar to do what you want it to do? To get to do what, exactly, is your question? The question is, have you taken either one of those rulings and done something with them over at the registry? Well, you have, for sure, right? Not successfully. We submitted the documents as evidence that something had happened in regards to our right on the 59-7. Are you waiting for the district court to do anything further in order for you to be able to accomplish what you want to accomplish with the registry? We're currently pending the issuance of the declaration from the district court. And while you're waiting for that? Correct. Is it your view that you cannot succeed in what you're trying to accomplish with the registry until that declaration is issued? It is the interpretation of the register of those documents. No. You have something pending with the registry right now. I have something. Is it your view that what you presented to the registry, are you presenting it as just what we've given you would be enough for you to rule for us? Or is it your view that you have now been informed by the registry that unless you get the declaration from the district court, you can't get what you want from the registry? The notification of the registrar is that the document was notified. Why? What's defective? It didn't go into the declaration merely that it was not. The document was imperfect in regards to it. In what way? What's the notice of defect, as you call it? What does the notice of defect fall out? The notice of defect is normally one or two ways. So in this case, in your case, what is the defect that was told to you? The previous document was notified. And the previous document, I believe, is from the information that I got over the e-mail system, was the previous document got notified. It got notified. We inquired as to why the other document. It was not specificity into which of the liens were going to be canceled. Is the registrar aware of this conflict between your client and Barreras? Based on the petition that we filed, yes, it is aware now because it is. Is it aware that there is a pending request for a declaratory judgment? No, Your Honor. I would assume that she is not aware or he's not aware of that issue. Maybe I got the sequence wrong, but even though you submitted a request for a declaratory judgment, which the court did not grant, you nevertheless went ahead and submitted a document to the registrar which seemed to reflect what is not in fact true, that you got the declaratory judgment that you wanted. How could you presume to do that? Do I have the sequence wrong? You don't have the sequence wrong. The petition only stated that based on the order and the opinion and in the judgment that there was a decision made in regards to what rights. But the district court specifically told you she entered summary judgment for you and said now propose the substance of the declaratory judgment that you want. You did that. They opposed it. She never entered the declaratory judgment that you sought, but nevertheless you then went ahead and submitted a document to the registrar which seemed to assume that you got the declaratory judgment that you wanted, but you never had. No, we did not assume that we had the declaratory judgment. What we filed with a petition to the register of the property was the decision that was done to inform the registrar that there was an issue regarding our rights in the district court. So you filed the judge's actual written decision? We filed as a copy the order and opinion and the judgment, and we made reference in the document to that opinion and order, just as a statement saying there was something in the district court with a petition, and normally a petition is evaluated based on whether or not it gains access to the registry. So it sounds like you still want the declaratory judgment. Yes, we do. And you think the declaratory judgment is going to be helpful to you in getting the registry to do what you need it to do? Yes, Your Honor. That would seem to underscore how interlocutory this appeal is, right? It would seem that way, yes, Your Honor. So, just projecting, if the district court accepts the wording of your proposed order, it's going to be back here? More likely than not, Your Honor, you will be hearing from us again. And in the meantime. Nice to meet you earlier. The registry. Same, likewise, sir. In the meantime, the registry will probably just be sitting on this until somebody does something? The registry process, more likely than not, can act upon the judgment that they claim that is final and firm, but that does not preclude us from getting a judgment. If I'm allowed just to go ahead. So, the Puerto Rico Supreme Court, their highest court would not grant you a collateral attack on their execution, if I understand it correctly, because they said that you should have appealed your denial of intervention and that they gave you a proposed remedy to start anew in the court of first instance. So, the question is, that's, I'm sure, that's part of the record. The state Supreme Court's record, that's part of the record in the registry. The Supreme Court did not deny the cert petition. What the Court of Appeals indicated in that order that they're referring to was that they had no jurisdiction to go into the merits of the arguments of Dublin Capital in regards to the collateral attack on the writ and order that was issued by the court of first instance. In a procedure. Didn't that get affirmed by the Supreme Court? I'm sorry? Didn't that get affirmed by the Commonwealth Supreme Court, the Court of Appeals decision? Okay, let me set the record, if I may. There was a private arbitration process where my client, Dublin Capital. Can't we know all that? Correct. And there was a decision, there was a petition by Gables, the tenant, to partially revoke the arbitration award. It was a decision by the court of first instance in Puerto Rico in regards to that. It was denied by the court of first instance. Gables didn't follow through. From my recollection, that was one part of the case. Then Barreras sought an order in writ to cancel, to record the buildings in the name of Barreras and to cancel all the liens and encumbrances of record in the registry regarding the properties that they own in the registry. That's what Dublin Capital attacked. It says, wait a minute, our mortgages are still alive and we still have rights under the Puerto Rico real estate law to subrogate because of the decisions that were made in the award, in the arbitration award. And so ultimately, as Judge Thompson has pointed out, the court of appeals, in pursuing that, told you what you should do. The way you were trying to challenge it under Puerto Rico law did not work. But they actually told you what you could do to challenge that judgment. But you never did that, right? Well, we were never part of the award process. They set forth a clear procedure that you could follow, I think they said, should you choose to do so, but you didn't do that. An independent action to ask for a remedy regarding our rights, which is what we did in the district court. You think that's what the Puerto Rico court had in mind, that you should file an action in federal court? You think that's what they had in mind? Your Honor, I don't know what they had in mind. You had already filed that. That suit was already underway at the time you got that advice. That federal lawsuit was already underway, was it not? It was already underway, correct. Right. So that was not a response to the advice from the Puerto Rico court of appeals, right? That was not a response to the Puerto Rico court of appeals decision. But you might have, I guess, being charitable, you might have thought effectively we're doing exactly what they said, because this is the independent action, and under diversity jurisdiction, we're allowed to bring it in federal court or state court, if we have a diversity jurisdiction. That was one of the interpretations. The same. On the 54B issue, and whether there is jurisdiction for our court over any of this, is it possible for us to treat what the district court did in making clear that she wanted us to rule on the summary judgment motion prior to the declaratory judgment motion, because I take it she made that clear, as an indicative ruling that she would grant a Rule 54B certification? I mean, is there some way that we can avoid the... Looking at the order here, Your Honors. It says at the end, defendant's emergency motion at ECF 79 is granted in part and denied in part, period. Motions at ECF 67, 70 are held in abeyance. ECF number 68, 71 are noted, period. In order to promote efficiency in the proceedings and to preserve judicial economy, the case is hereby stayed pending appeal pursuant to thorough rules of civil... I just wonder if that's, in effect, a Rule 54B certification, and then we can either decide... I mean, I don't know what all the rules are under Rule 54B, whether she was right to allow us, I mean, to posture it so that on appeal you only do a piece of it. But I guess if that was the case, then we wouldn't necessarily be in the situation where we dismiss the appeal, goes back to the district court, district court grants the Rule 54B certification, you have to reappeal, now we have the exact same issue eight months later. That may be the logical conclusion of your statement, sir. Logical conclusion of my statement, yes. Or your position. Do you have a view on that? I don't have a view on that, sir. My time is up. Yes. Everything's so brief. After listening, brother counsel, I really appreciate not conceding the three minutes. I have to make a clarification. The registry did act on Barrera's petition to cancel the liens and did act on their request that when they submitted the opinion and order. And the notice of defect that you asked, they asked for a final judgment and writ of execution in order to even consider the remedies they were asking. They did not only submit the opinion and order. They were requesting the remedies that they had asked in summary judgment, like assuming that the judge, by granting the summary judgment, had already granted those remedies to WM Capital. And they made that representation under oath to the registry. Prior to the what? Excuse me? They made under oath what representation? That they were entitled to those remedies that they had asked in summary judgment. The thing that just I'm trying, for our purpose of jurisdiction, the declaratory judgment power is a little bit odd because you could win on the merits and then as a matter of discretion she could not grant the remedy. Exactly. If I'm understanding what everybody's saying, if she were to proceed in that way, it's possible that you would not be harmed. Because even though you would have lost on the summary judgment motion, they wouldn't get what they need to get the kind of action by any state official that would. Well, it depends because they are arguing. I know they're trying, but I'm just saying that. They're arguing that even though the judge, the CFI, canceled the liens, and actually the notice of defect that they sent to Mr. Barreras was that they wanted a writ of execution with a detail of all the liens that were to be canceled. And the court has issued those liens. So those liens are going to be canceled in the registry. What they're asking, the remedies they're asking the registrar is essentially to overlook that they're not going to be mortgage holders anymore, but because the court has given them the remedies that they asked for. But in order for them to effectuate all that, which I understand would be detrimental to you, they might need not just the summary judgment ruling, but the actual issuance of the declaratory judgment. Well, yes, because. Okay. And because of that, it seems to me not at all clear that it makes sense to permit the appeal to go forward until the lower court has made the judgment as to whether as a matter of discretion they'd actually intend to issue the declaratory judgment, and then we could appeal from that. Because otherwise we're in an odd position. We're ruling on the summary judgment ruling. Then it goes back down. Then the district court says, well, you know what, as a matter of discretion, I don't think I'm going to issue the declaratory judgment. Well, I don't think it's an issue that she's going to issue it, because she issued a judgment that that's where we appealed. And she actually stated that she had a case in controversy, and we also addressed that in our briefs. But has she indicated somehow how she would exercise her discretionary authority? By issuing a declaration. That's why she has a proposed declaration. She's made clear that if we affirm on the summary judgment ruling, she's going to issue it?  But she wouldn't decline to exercise. Most probably not, because that's exactly what she did prior to the appeal. She issued that judgment. I have to say to both of you, in addition to not addressing this critical interlocutory appeal 54B issue, which my colleagues have pointed out, I mean, there's a very large underlying issue here. I mean, we have the prospect, if not the reality now, of these competing judgments in the state court and the federal court. That's a very difficult issue. And none of you have really acknowledged that or dealt with it. And frankly, I don't understand how you could not understand the significance of that issue and just pretend that it's not there. You just sort of want to win on your respective narrow grounds. But that's a very large issue, which nobody, by my lights, nobody has satisfactorily addressed. But for me, at least, is all the more reason why we need to proceed very carefully here and send this back to the district court, because we do not have jurisdiction over this appeal. An unusual ruling from the bench. If I can, if I, okay. It still takes two of us to agree with this. I just wanted to finish up, if I may, because my time is up, is that it was precisely Barrera's contention all the way, that the CFI had to be respected, given full faith and credit. And by finding there was a case in controversy here, in this case, somehow that was not being done by the district court, that the district court was revisiting issues that were already precluded by the CFI's judgment. And that is exactly Barrera's position here. And in terms of, if you decide that Barrera's position is the way that the judge should have ruled, then there's no declaration to be issued. I'm sorry, I've got just one more question. Part of what the district court said is what she saw as ambiguity in the arbitrators. Exactly. Did anyone seek to ask, assuming that, I'm sure that you don't see any ambiguity, but did anyone seek to figure out if the arbitrator thought that there was any ambiguity? But that's what we said, because ultimately it's irrelevant, because who determined if there was an ambiguity, which we did not see it, there was a discrepancy. The CFI judgment took care of it, and that is final and firm. So whatever the judge saw that she disagreed with the CFI, it doesn't matter anymore, because that is precluded from revisiting, and that is precisely what the district court did. She revisited a matter that was already taken care of by the CFI. But then the question is whether that can be binding on WM Capital, which is a separate point. Because we actually briefed that. I know you did, but they briefed the opposite. Yes. So if they're right, then all these points about how there was a final and firm judgment on the state court, that just resolved the issue of certain parties, but it can't resolve their rights as the potential subrogate. But see, they bought a mortgage that was based on a contract, and the contract specifically stated that if for whatever reason the leasehold interest was finished, especially what was by a default of the tenant, that property would revert to Barreras free of liens and encumbrances. And they knew or should have known that that was going to be the consequence of giving a mortgage to a leasehold interest that had that in its contract. So you're saying independent of collateral estoppel issues, just on the merits. Exactly. Once the state court ruling just says. That they're no longer mortgage holders, they're not secure creditors anymore. They're under their own agreement with the leaseholder, they're just out of luck. Exactly. So what that means, the no liens and encumbrances, does that mean that's somewhat irrelevant to this case? No, it's completely irrelevant to this case. Because what gives WM Capital the right to invoke the subrogation article is their position as mortgage holders. If they're not secure creditors, they are not available, that remedy is not available to them. Well, okay. I am troubled by something that was coming to the district court. It does seem that in the entirety of the state court proceedings, there was the claim of WM Capital here about their rights as a mortgage holder. That was never part of those proceedings. That never got taken into account at all. And so it is very troubling. Now, maybe they didn't properly protect their interests by following the procedures. And that's an issue that would have to be addressed. But the suggestion that the arbitration award, the confirmation of it, somehow resolved their interest. I'm troubled by that, frankly, in the same way that the district court was troubled by it. That was never taken into consideration in any of those commonwealth proceedings, not at all. I know you can't answer this, but I'm still trying to figure out why, when they moved to intervene, why was there no appeal taken of the denial? Well, that is exactly what the Puerto Rico Court of Appeals told them, that they could have appealed because it was a final decision for the petitioner. And Scotiabank, which is the predecessor of WM Capital in all of this, did not appeal when the arbitrator decided that they were not allowed to intervene. And then WM Capital asked the CFI to intervene. The CFI declined their intervention, and they never appealed it either. And the thing... I guess the only... I mean, we've got to end this because it's interminable. But it does seem odd that they are bound to have their rights adjudicated by the arbitrator. It's not their rights. It's what was decided in the contract. Your view is that they made an agreement that made their rights contingent on how an arbitrator might decide somebody else's rights. Having made that deal, they're stuck with it. Exactly, because this is not a traditional mortgage. They never had a chance to argue to the contrary. I mean, that's your view. Yes, of course, and it's all in the briefs. I got it. Thank you. All rise.